UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

    Plaintiff,

v.

WINRED, INC and WINRED
TECHNICAL SERVICES, LLC,

    Defendants.
_____/

Case No. 2:24-cv-12513

HONORABLE STEPHEN J. MURPHY, III

### ORDER GRANTING IN PART MOTION TO DISMISS [9]

Plaintiff Mark Dobronski sued Winred, Inc. and Winred Technical Services, LLC for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227. ECF No. 1. Plaintiff alleged in count one that Defendants sent eighty-two text messages to his personal phone number with an automatic telephone dialing system in violation of 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)(1)(iii). *Id.* at PageID.17–20. Plaintiff alleged in count two that Defendant sent a text message soliciting a purchase in violation of 47 C.F.R. § 64.1200(c)(2) or, alternatively, ignored his do-not-call requests in violation of § 64.1200(d)(3) or (6). Defendants moved to dismiss the complaint. ECF No. 9.

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

On a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

Plaintiff pleaded facts sufficient to raise a plausible right to relief on count one. 47 C.F.R. § 64.1200(a)(1)(iii), which is promulgated under 47 U.S.C. § 227(b), prohibits telephone calls made using an automatic telephone dialing system (ATDS). *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (noting that a text message to a cellular telephone qualifies as a call under § 227(b)). Plaintiff pleaded that Defendants made eighty-two such calls. ECF No. 1, PageID.17–19. Defendants argued that Plaintiff did not have sufficient evidence that (1) they initiated the calls (2) using an ATDS. ECF No. 9, PageID.55–61.

To say nothing of the fact that "evidence" is not required at the motion-to-dismiss stage, Plaintiff pleaded facts from which the Court could plausibly infer both that Defendants initiated the calls and that they did so using an ATDS. It may well be enough that Plaintiff pleaded that Defendants initiated the calls given that the Court accepts Plaintiff's factual allegations as true. But even if it were not, Plaintiff pleaded that each text contained a link to Defendants' website, ECF No. 1, PageID.17–19, giving rise to the plausible inference that Defendants initiated the text messages.

Similarly, Plaintiff pleaded that Defendants sent the texts using an ATDS. *Id.* at PageID.16. But he also pleaded that Defendants sent eighty-two texts with similar web-links. ECF No. 1, PageID.19. The repetitive, generic and impersonal nature of the texts gives rise to the plausible inference that the texts were sent using an ATDS. Because Plaintiff pleaded facts that plausibly allege a right to relief, the Court will deny the motion to dismiss count one.

The Court, however, will grant the motion to dismiss count two. Plaintiff pleaded that Defendants violated 47 C.F.R. § 64.1200(c)(2), when they sent Call 14. Call 14 encouraged Plaintiff to make a political donation and noted that callers who did so would receive a free mug. ECF No. 1, PageID.21. 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations made to numbers on the do-not-call registry. The provision was likely promulgated under § 227(c), which expressly contemplates the creation of do-not-call systems for the protection of privacy rights. *See* 47 U.S.C. § 227(c)(1)(A) and § 227(c)(2); *Lirones v. Leaf Home Water Sols., LLC*, No. 5:23-cv-

02087, 2024 WL 4198134, at *3–4 (N.D. Ohio Sept. 16, 2024) (demonstrating that 47 C.F.R. § 64.1200(c)(2) is promulgated under § 227(c)); *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-cv-12597, 2025 WL 900439, at *2–3 (E.D. Mich. Mar. 25, 2025) (Murphy, J.) (summarizing the authority to prescribe regulations under each provision of the TCPA and noting that § 227(c) is broad in scope).

To assert a claim under § 227(c), Plaintiff must have received "more than one telephone call within" a twelve-month period in violation of a regulation prescribed under § 227(c). 47 U.S.C. § 227(c)(5). But Plaintiff presented only one such call in his Complaint. *See* ECF No. 1, PageID.21. Plaintiff alleged that the other eighty-two calls violated regulations issued pursuant to § 227(b), so those calls cannot satisfy the "more than one call" requirement. *See* 47 U.S.C. § 227(c)(5) (requiring that more than one call violate the regulations "prescribed under *this subsection*") (emphasis added). And so, Plaintiff may not proceed on a claim under § 64.1200(c)(2) for the mug solicitation call.

Alternatively, Plaintiff pleaded that Call 14 violated 47 C.F.R. § 64.1200(d)(3) or (6) because Defendants failed to honor his do-not-call requests. ECF No. 1, PageID.21. That provision was also promulgated under § 227(c), *see Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1200 (M.D. Tenn. 2017), and therefore also requires a showing of more than one call. Here, Plaintiff pleaded that Defendants ignored several do-not-call demands. ECF No. 1, PageID.19.

But § 64.1200(d) prohibits calls made for "telemarketing purposes." *See* 47 C.F.R. § 64.1200(f)(13) (defining telemarketing). Charitable and political fundraising

4

calls are not telemarketing calls. *See Mainstream Mktg. Servs., Inc. v. FTC.*, 358 F.3d 1228, 1234 (10th Cir. 2004). Because all the potentially violative calls were political fundraising calls, Plaintiff cannot maintain an action under § 64.1200(d) based on the content of Call 14.

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [9] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for relief under 47 C.F.R. § 64.1200(c)(2) and § 64.1200(d), ECF No. 1, PageID.21, is **DISMISSED WITH PREJUDICE**. Plaintiff's remaining claims are live.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

5