IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **WINRED TECHNICAL SERVICES,** ) <br> **LLC.** ) <br> ) <br> **WINRED, INC.** ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:24-cv-12513 |

**DEFENDANTS' MOTION TO RESOLVE SERVICE ISSUES**

Defendants WinRed, Inc. and WinRed Technical Services, LLC (collectively, "Defendants") respectfully request an Order allowing them to serve documents on Mark W. Dobronski ("Plaintiff") through his personal email address. In addition, Defendants also request an Order allowing Plaintiff to register for the Court's ECF system so that, should he choose to do so, Plaintiff would also receive all court filed documents via ECF.

Thus far, Plaintiff has only maintained a P.O. box for acceptance of service of documents in this case. Defendants have now had multiple instances where they mailed documents to Plaintiff's P.O. box where he then claimed not to have received those documents. The service issue has caused fractures between the parties, delays that threaten to derail the case schedule, and burdens the Defendants with having to

1

confirm receipt and remailing documents. As a frequent litigant in this Court, Mr. Dobronski should be required to facilitate the efficient exchange of documents with the Court and the parties that he sues.

Pursuant to Local Rule 7.1(a), Defendants sent Plaintiff a letter on June 6, 2025 requesting to resolve the service issues subject to this motion without court involvement. Ex. 1 (WinRed 2025.06.06 Ltr). However, Plaintiff's response letter dated June 10, 2025 indicates that Plaintiff does not concur in this motion. Ex. 2 (Dobronski 2025.06.10 Ltr). In support of its motion, Defendants rely on their Brief in Support of this Motion filed concurrently herewith.

**WHEREFORE**, Defendants respectfully request that the Court grant the following relief:

    A.    Enter an Order allowing Defendants to serve documents to Plaintiff's email at markdobronski@yahoo.com; and

    B.    Enter an Order granting Plaintiff permission to register for service via the Electronic Court Filing system; and

    C.    Enter an Order for any and all other relief in favor of Defendants as is just and appropriate under the circumstances.

Respectfully submitted,

| | |
|---|---|
| | */s/ John Drosick* |
| Christoper D. Man (D.C. Bar No. 453553) | John Drosick (IL Bar No. 6326382) |
| WINSTON & STRAWN LLP | *Counsel of Record* |
| 1901 L Street, NW | WINSTON & STRAWN LLP |
| Washington, DC 20036 | 35 West Wacker Drive |
| T: 1-202-282-5000 | Chicago, IL 60601 |
| F: 1-202-282-5100 | T: 1-312-558-5600 |
| CMan@winston.com | F: 1-312-558-5700 |
| | JDrosick@winston.com |
| | |
| | Benjamin J. Aloia (P54424) |
| | Ralph Colasuonno (P55019) |
| | ALOIA LAW |
| | 48 S. Main Street, Suite 3 |
| | Mount Clemens, MI 48043 |
| | T:1- 586-783-3300 |
| | F: 1-586-783-3313 |
| | colasuonno@aloia.law |

*Counsel for WinRed, Inc. and WinRed Technical Services, LLC*

3

## CERTIFICATE OF SERVICE

      I certify that on June 27, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.  I also certify that I sent the foregoing to the person and address listed below via USPS Priority Mail.


Mark W. Dobronski
PO Box 99
Dexter, MI 48130


Dated:  June 27, 2025                    */s/ John Drosick*
                                                      John Drosick

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **WINRED TECHNICAL SERVICES, LLC.** | ) Case No.: 2:24-cv-12513 |
| **WINRED, INC.**, | ) |
| Defendants. | ) |

# DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
# TO RESOLVE SERVICE ISSUES

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

CONTROLLING/MOST APPROPRIATE AUTHORITY ..................................... iii

STATEMENT OF ISSUES PRESENTED ............................................................... iv

    I.    INTRODUCTION ............................................................................... 1

    II.    STATEMENT OF FACTS ................................................................. 1

    III.    ARGUMENT ....................................................................................... 3

        A.    Plaintiff has Used his Personal Email to Exchange Documents. ........................................................................................... 4

        B.    Plaintiff Should be Permitted to Register for the ECF System. ................................................................................................. 7

    IV.    CONCLUSION AND RELIEF REQUESTED .................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Al-Maqablh v. Univ. of Cincinnati Coll. of Med.*,
   2014 WL 2048126 (S.D. Ohio May 19, 2014), *aff'd sub nom. Al - Maqablh v. Univ. of Cincinnati Coll. of Med.*, 2015 WL 13928995
   (6th Cir. Dec. 10, 2015) ...................................................................................5

*Ball v. Robinson*,
   2023 WL 11261911 (W.D. Mich. Dec. 20, 2023)................................................7

*Binzhiyuan (Hong Kong) Paper Prods. Ltd. v. Xi*,
   2025 WL 870131 (E.D. Mich. Mar. 20, 2025).....................................................6

*Gamboa v. Ford Motor Co.*,
   414 F. Supp. 3d 1035 (E.D. Mich. 2019), *opinion modified on reconsideration*, 2019 WL 8378038 (E.D. Mich. Nov. 15, 2019), *objections overruled*, 2020 WL 7021690 (E.D. Mich. Nov. 30, 2020) ..................................................................................................................5

*Morales v. Brennan*,
   2021 WL 1346166 (S.D.N.Y. Apr. 12, 2021) ......................................................7

**Other Authorities**

Fed. R. Civ. P. 5(b)(3)(B)(i) ......................................................................................6

Fed. R. Civ. P. 5(b)(2)(E) .....................................................................................4, 6

Fed. R. Civ. P. 5(b)(2)(F)..........................................................................................6

Fed. R. Civ. P. 11 .....................................................................................................2

## CONTROLLING/MOST APPROPRIATE AUTHORITY

*Gamboa v. Ford Motor Co.*,
  414 F. Supp. 3d 1035 (E.D. Mich. 2019), *opinion modified on reconsideration*, 2019 WL 8378038 (E.D. Mich. Nov. 15, 2019), *objections overruled*, 2020 WL 7021690 (E.D. Mich. Nov. 30, 2020)

*Binzhiyuan (Hong Kong) Paper Prods. Ltd. v. Xi*,
  2025 WL 870131 (E.D. Mich. Mar. 20, 2025)

Fed. R. Civ. P. 5(b)(3)(B)(i)

Fed. R. Civ. P. 5(b)(2)(E)

# STATEMENT OF ISSUES PRESENTED

**Issue No. 1:**

Should the Court allow Defendants to serve documents on Plaintiff via his personal email address where (a) Plaintiff insists on only maintaining a P.O. box to accept service of documents; (b) Plaintiff admits being away from Michigan for "weeks at a time"; (c) Plaintiff has now indicated that he has not received certain documents served by the Defendants at his P.O. box on more than one occasion, and (d) where Plaintiff has already used his personal email in communicating with counsel for the Defendants?

Defendants say:  YES.

**Issue No. 2:**

Should the Court grant Plaintiff permission to register for the ECF system and correct Plaintiff's mistaken belief that he cannot use ECF once permitted by the Court?

Defendants say:  YES.

I.  **INTRODUCTION**

Plaintiff insists on using a P.O. box for accepting service of documents in this case. This has caused service problems on more than one occasion where Plaintiff has claimed he has not received certain documents mailed to him. Despite this, Plaintiff refuses to ask permission to use the Court's ECF system to alleviate service issues for Court filed documents because of a mistaken belief that a non-attorney can never use the ECF system. Plaintiff also refuses to accept service at his personal email address, even though he has communicated and sent attachments via email throughout the pendency of this litigation. To avoid any further miscommunication or disruption of service of documents, and to keep this case on track for scheduling order purposes, Defendants respectfully seek an order allowing them to serve documents to Plaintiff via his personal email, along with an order granting Plaintiff permission to use the ECF system for receipt of documents filed with the Court.

II. **STATEMENT OF FACTS**

Plaintiff initiated this litigation *in propria persona* on September 25, 2024 and provided only a P.O. box in Dexter, Michigan as his address for service. **ECF No. 1, PageID.1.** Plaintiff's P.O. box address cannot receive delivery by United Parcel Service, FedEx, or any other carrier besides the United States Postal Service. That limits the options that Defendants have to send documents where Plaintiff has to physically sign that he has received the delivery—which is essential because

1

Plaintiff has now claimed several times not to have received documents sent by Defendants.

On October 17, 2024, for example, Defendants sent their Motion for Sanctions under Rule 11 to Plaintiff's P.O. box via USPS First Class Mail, as required under Fed. R. Civ. P. 11's 21-day "cure period." Ex. 3 (receipt showing the Motion for Sanctions sent to Plaintiff by USPS First Class Mail). Yet, Plaintiff alleged he never received this mailing. Ex. 4 (Plaintiff claiming to not have received a sanction motion sent to him via USPS First Class Mail).

More recently, on May 22, 2025, Defendants sent their First Requests for Written Discovery to Plaintiff's P.O. box via USPS First Class Mail. Ex. 5 (receipt showing written discovery requests sent to Plaintiff by USPS First Class Mail). One week later, Defendants also sent a proposed protective order to Plaintiff via USPS Priority Mail on May 29, 2025. Ex. 6 (receipt showing draft protective order sent to Plaintiff via USPS Priority Mail). As a result of Plaintiff's previous claim that he did not receive the Motion for Sanctions, Defendants wanted to confirm receipt of the written discovery requests and the protective order. After attempting to confirm with Plaintiff multiple times via email that he received Defendants' written discovery requests, Plaintiff represented during a phone call that he did not receive the written discovery materials, although he acknowledged receiving the protective order that was sent a week later through the same provider to the same address.

2

Defendants remailed their written discovery requests on June 6, 2025, and offered Plaintiff a 15-day extension on his deadline to respond if he confirmed in writing receipt of Defendant's written discovery. Ex. 1 at p. 2. This was a courtesy, as Defendants recognize that service is effectuated under Federal Rule of Civil Procedure 5(b)(2)(C) upon placement in the mail. In response, Plaintiff sent a three-page letter rife with inaccuracies, illustrating the frustration that both parties have experienced by repeated service issues. Ex. 2. In his letter, Plaintiff finally acknowledged receiving Defendants' written discovery—for which Defendants had requested assurances repeatedly for over two weeks. *Id.* And in that letter, Plaintiff admits that he is away from his P.O. box for six months out of the year, as he splits his time between Michigan and Florida. *Id.* Given that service to only a P.O. box through USPS has already led to lost time, decreased efficiency, increased costs, and frustrated litigants while Plaintiff has been residing in Michigan, it is safe to assume that this problem will only get worse.

### III.   ARGUMENT

Plaintiff's current method of service for non-court filed documents has allegedly failed two out of the five instances thus far when Defendants have mailed documents to Plaintiff. A forty percent (40%) failure rate is not a sustainable method of service. Even more so, these instances involved serving important and time-sensitive litigation documents. And so, each failure threatens the parties' discovery

3

schedule that sets forth three months to complete discovery. *See* **ECF No. 26, PageID.431** (Scheduling Order).

The service of filings, discovery requests, and other materials should be simple and through a means that eliminates any possibility for miscommunication or gamesmanship. That is why Defendants proposed two solutions: (A) Plaintiff to receive service via his personal email, which he has used throughout this litigation, and (B) the Court to permit Plaintiff to register through ECF. Each is discussed below.

### A.     Plaintiff has Used his Personal Email to Exchange Documents.

Although it is Plaintiff's choice not to register to receive court-filed documents via the Court's ECF system as allowed under Fed. R. Civ. P. 5(b)(2)(E) and this Court's Local Rules, it is unreasonable to refuse acceptance of service of important non-court filed documents such as protective orders and written discovery via his personal email, especially when Plaintiff has already complained of failure to receive documents *and* Plaintiff has already used his personal email to communicate and to exchange documents with Defendants' counsel. For example, on May 5, 2025, Defendants sent a proposed joint discovery plan to Plaintiff, requesting feedback that same day. Plaintiff had no problem responding and proposing edits. That allowed the parties to meet the Court deadline. This is one of

multiple examples of Plaintiff corresponding via email, including sending and receiving attachments.

Yet Plaintiff will not consent to service via email despite numerous instances where he claimed to not receive documents via USPS. That is why service via email is appropriate here. Courts have already found that service of a summons and complaint via email under certain circumstances helps to facilitate the orderly adjudication of the case and prevent prejudicial delay to the parties. *Gamboa v. Ford Motor Co.*, 414 F. Supp. 3d 1035, 1043 (E.D. Mich. 2019), *opinion modified on reconsideration*, CV 18-10106, 2019 WL 8378038 (E.D. Mich. Nov. 15, 2019), *objections overruled*, 18-10106, 2020 WL 7021690 (E.D. Mich. Nov. 30, 2020) (permitting service of complaint via email). The same problem exists in this case. And thus, service of documents via email in this case would also facilitate efficient exchange of information, prevent delay, and alleviate tension between the parties related to service issues.

Even more so, Plaintiff has already admitted that he divides his time between Michigan and Florida and is often away from Michigan for "weeks at a time." Ex. 2. This reason alone would justify service of such important documents via email. *Al-Maqablh v. Univ. of Cincinnati Coll. of Med.*, 1:11-CV-531, 2014 WL 2048126, at *3 (S.D. Ohio May 19, 2014), *aff'd sub nom. Al -Maqablh v. Univ. of Cincinnati Coll. of Med.*, 14-4113, 2015 WL 13928995 (6th Cir. Dec. 10, 2015) (reminding a

plaintiff where "Court orders were mailed to Plaintiff at his address of record and returned to by the Postal Services as being unclaimed" that "[p]laintiff has an affirmative duty to monitor the Court's docket and to keep apprised of important docket entries."). So even when the mail service to the P.O. box is reliable (which it has not been thus far), there is no guarantee that Plaintiff will *check* his Michigan P.O. box during long absences out of state. Service by email would benefit both parties by eliminating this problem.

Plaintiff's only concern for refusing service by email is not valid. He claims that Microsoft Outlook sometimes filters emails with attachments to a spam folder. Ex. 2. This can be easily fixed. Defendants can send Plaintiff two emails: (1) an initial email alerting him that Defendants are sending a subsequent email with an attached document (which will not have the spam filter issue), and (2) a subsequent email with the document attached.

Service by email also has an additional benefit: enhanced tracking through read receipt. *Binzhiyuan (Hong Kong) Paper Prods. Ltd. v. Xi*, 2025 WL 870131, at *2 (E.D. Mich. Mar. 20, 2025) (granting plaintiff's ex parte motion for alternative service on the condition that "[p]laintiff's email must include a read-receipt or third-party confirmation of receipt"). The Federal Rules of Civil Procedure permit this exact type of email service to *pro se* plaintiffs: a party can "send[] by other electronic means that the person consented to in writing" or by "any other means that the person

6

consented to in writing." Fed. R. Civ. P. 5(b)(2)(E), (F). Defendants respectfully request the Court order that Defendant can serve non-filed documents to Plaintiff's personal email address.

### B. Plaintiff Should be Permitted to Register for the ECF System.

With respect to receiving documents filed with the Court, Plaintiff should be granted permission to register for the Court's ECF system. Plaintiff mistakenly believes that he cannot sign up for the Court's ECF system. That is not true. The plain language of Federal Rule of Civil Procedure 5(b)(3)(B)(i) states that a "person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule." The Rule does not require the *pro se* litigant to be the movant for this relief.

The Eastern District of Michigan Local Rules expressly allows an unrepresented party to request permission from the Court to use the Court's Electronic Filing System for filing and service of documents on a case-by-case basis. *See* Eastern District of Michigan Electronic Filing Policies and Procedures Rule 3(a) ("A filing user must be an attorney admitted and in good standing to practice in the Eastern District of Michigan, an attorney authorized to represent the United States Government, or a non-incarcerated pro se party *granted permission* to file on a case-by case basis") (emphasis added); *Id.* at Rule 1(e) ("'Filing User' is an attorney or a pro se party who has been *granted permission* by the Court to file papers

7

electronically over the Internet in the Eastern District of Michigan.") (emphasis added). In fact, the Eastern District of Michigan's website has a convenient form explaining how a non-attorney can easily apply for an e-filing account in the District. Ex. 7 ("Non-Attorney (Pro Se) E-Filing Account Request").

Moreover, other federal courts have approved *pro se* litigants using the ECF system and even encourage *pro se* litigants to sign up for the system. *See Ball v. Robinson*, 2023 WL 11261911, at *1 (W.D. Mich. Dec. 20, 2023) (granting *pro se* application for electronic filing); *Morales v. Brennan*, 2021 WL 1346166, at *2 (S.D.N.Y. Apr. 12, 2021) ("Pro se parties with an email address are strongly encouraged to consent to receiving electronic service of case activity through notifications sent by email from the court's Electronic Case Filing (ECF) system."). So too should this Court permit Plaintiff to file via ECF. This would increase case efficiency, decrease the frustration of the parties around procedural requirements, and allow the parties to shift their focus to the merits of the case.

## IV. CONCLUSION AND RELIEF REQUESTED

The service issues detailed herein now threaten the parties' ability to conduct thorough and timely discovery prior to the deadline and have created unnecessary acrimony between the parties that can be easily avoided by implementing the service methods requested herein by Defendants.

**WHEREFORE**, Defendants respectfully request that the Court grant the following relief:

      A.    Enter an Order allowing Defendants to serve documents to Plaintiff's email at markdobronski@yahoo.com; and

      B.    Enter an Order granting Plaintiff permission to register for service via the Electronic Court Filing; and

      C.    Enter an Order for any and all other relief in favor of Defendants as is just and appropriate under the circumstances.

Dated: June 27, 2025

Respectfully submitted,

| | |
|---|---|
| Christopher D. Man (D.C. Bar No. 453553)<br>WINSTON & STRAWN LLP<br>1901 L Street, NW<br>Washington, DC 20036<br>T: 1-202-282-5000<br>F: 1-202-282-5100<br>CMan@winston.com | */s/ John Drosick*<br>John Drosick (IL Bar No. 6326382)<br>  *Counsel of Record*<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>T: 1-312-558-5600<br>F: 1-312-558-5700<br>JDrosick@winston.com<br><br>Benjamin J. Aloia (P54424)<br>Ralph Colasuonno (P55019)<br>ALOIA LAW<br>48 S. Main Street, Suite 3<br>Mount Clemens, MI 48043<br>T: 1- 586-783-3300<br>F: 1-586-783-3313<br>colasuonno@aloia.law |

*Counsel for WinRed, Inc. and WinRed Technical Services, LLC*

9