# EXHIBIT 1



NORTH AMERICA  SOUTH AMERICA  EUROPE  ASIA

35 W. Wacker Drive
Chicago, IL 60601
T +1 (312) 558-5600
F +1 (312) 558-5700

**JOHN DROSICK**
Associate
(312) 558-7891
jdrosick@winston.com

June 6, 2025

**BY USPS PRIORITY MAIL AND EMAIL**

Mark Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
markdobronski@yahoo.com
(714) 641-2300

Re:   *Dobronski v. WinRed Inc., et al.*, 24-cv-12513-SJM-CI (E.D. Mich.)

Dear Mr. Dobronski:

I write to follow-up on my phone call with you on June 4, 2025. On that call, you represented that you did not receive written discovery issued by WinRed Inc. and WinRed Technical Services, LLC (collectively, "WinRed") sent to you on May 21, 2025 via email and on May 22, 2025 via USPS First Class mail. *See* Ex. 2 (email to Dobronski with written discovery); *see also* Ex. 3 (confirmation of sending via USPS First Class Mail). "Service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). And so, you have a duty to respond to that written discovery no later than June 23, 2025, which is 30 days post-mailing and the next available business day. As a one-time courtesy, in exchange for you confirming in writing via email to john.drosick@winston.com that you received WinRed's written discovery, I am willing to provide a 15-day extension to July 8, 2025 for you to respond to this written discovery. Please find enclosed WinRed's written discovery. *See* Ex. 1.

Unfortunately, this is now the *second time out of five instances* in which WinRed has sent documents to you via USPS First Class mail that you have claimed to not receive. *See* Ex. 4 (Dobronski claiming to not have received a sanction motion sent to him via USPS First Class Mail). So, based on your representations, it seems that USPS First Class mail is not a reliable method for you to receive documents. There are scant other options to mail documents to your PO Box because FedEx, UPS, and USPS Certified Mail cannot be used when sending mail to a PO Box. In addition, you refuse to accept service via email, because you claim that your Microsoft Outlook email provider filters out emails with attachments.

I am concerned that you are using the PO Box to avoid your obligations to respond to WinRed motions and discovery. There is a striking pattern in which you acknowledge receiving documents that are favorable to you but claim not to receive documents that you would prefer not to receive. As we discussed on the phone, a week after WinRed mailed to you the enclosed written discovery, WinRed also sent a protective order via the same method to the same address. We also sent the protective order via email to you—same as the written discovery. Yet, you claim to have received that protective order, but not the

Case 2:24-cv-12513-SJM-CI   ECF No. 33-2, PageID.484   Filed 06/27/25   Page 3 of 3



<div style="text-align: right">June 6, 2025<br>Page 2</div>

written discovery.  That claim is at best surprising.  Another possible explanation is that you wanted to get the protective order filed so that you could receive discovery from WinRed but preferred not to acknowledge receipt of WinRed's discovery requests because you did not want to comply with your discovery obligations.

This situation is untenable moving forward, especially as we are only in the nascent stages of this litigation.  Even being generous in indulging your claim that USPS actually failed *twice* to deliver WinRed's documents to your PO Box, this seems to be an acknowledgment by you that the current system of serving you documents at your PO Box is not working.

In the spirit of finding a solution, WinRed proposes that you sign up for the Court's Electronic Filing System ("ECF") and that you consent to having discovery delivered to you by email or to a different physical address.  You have had experience litigating in federal court, so we expect that you are familiar with the ECF system, which is fast and reliable.  The system sends an email with a link to the documents filed so you can access without having to trek to the post office.  And this system sends a link to retrieve the filed document, not an attachment.  That means that the ECF system will not be filtered out by your Microsoft Outlook system.  We propose using ECF to effectuate service as the reasonable and appropriate path forward to ensure that you receive documents filed in this case, and we can avoid further delays in the future.  In addition, for documents not filed with the Court like the enclosed discovery, we propose that you provide an alternate physical address that can receive FedEx and UPS deliveries where WinRed can send non-filed litigation documents.

WinRed respectfully requests that you agree to sign up for ECF and consent to receive non-filed litigation document such as discovery requests from WinRed to another physical address (or alternatively, by email).  Please let us know how you would like to proceed by Wednesday, June 18, 2025.  If you do not agree, WinRed will move the Court to order compelling you to do so.

Best regards,

John Drosick