## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI,**

          Plaintiff,

v.

**WINRED, INC.**, *et al.*

          Defendants.

Case No. **2:24-cv-12513-SJM-CI**

Honorable Stephen J. Murphy III
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

_____

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTION TO RESOLVE SERVICE ISSUES

Plaintiff MARK W. DOBRONSKI, appearing *in propria persona*, hereby

responds in opposition to Defendants' Motion to Resolve Service Issues [ECF No.

33] ("Motion").

Apparently, Defendants find it unacceptable that Plaintiff lives in a rural

location and, therefore, has a Post Office Box at which he receives his mail.

Defendants, expressing extreme distrust of the United States Postal Service to

Plaintiff, now want Plaintiff to provide Defendants with an electronic method by

which they can serve papers upon Plaintiff, and failing that, Defendants want the

Court to **order** Plaintiff to receive filings via electronic means.

As will be shown in the accompanying brief, Plaintiff opposes Defendants'

1

Motion, and views the Motion as merely a harassment tactic.

For the reasons set forth, *supra*, and in the accompanying brief, Plaintiff respectfully requests that Defendants' Motion to Resolve Service Issues [ECF No. 33] be granted in part and denied in part.

Respectfully submitted,

Dated: July 2, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Tel: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff In Propria Persona

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MARK W. DOBRONSKI,**

        Plaintiff,

v.

**WINRED, INC.,** *et al.*

        Defendants.

Case No. **2:24-cv-12513-SJM-CI**

Honorable Stephen J. Murphy III
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

_____

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION TO RESOLVE SERVICE ISSUES

## INTRODUCTION

Defendants argue that "Defendants have now had multiple instances where they mailed documents to Plaintiff's P.O. box where he then claimed not to have received those documents." [ECF No. 33, PageID.463]. Defendants argue that "the service issued has caused fractures between the parties, delays that threaten to detail the case schedule, and burdens the Defendants with having to confirm receipt and remailing documents." [ECF No. 33, PageID.463-464]. But, nowhere do Defendants show that Plaintiff has not received any papers that were *properly* served upon Plaintiff.

Defendant cite to two examples.

Defendants allege that, "[o]n October 17, 2024, Defendants sent their Motion for Sanctions Under Rule 11 to Plaintiff's P.O. box via USPS First Class Mail, as required under Fed. R. Civ. P. 11's 21-day 'cure period.'" [ECF No. 33, PageID.473]. What Defendants fail to tell the Court is that the Defendants sent the subject motion for sanctions via electronic mail. *See* Exhibit A. Defendants provide a "label detail" [*see* ECF No. 33-4, PageID.491] which purports to evidence that a first class envelope or letter was shipped to Plaintiff on October 17, 2024. However, the "label detail" - without explanation - also shows "activity for package" as being "cancelled" on November 21, 2024 at 12:41 P.M. Further, the "label detail" contains no identifying information to ascertain its source credibility; nor is there any affidavit

4

or declaration of any person with alleged personal knowledge authenticating same. *See* Fed. R. Evid. 901.

Defendants are making an issue out of a non-issue. It is undisputed that Plaintiff *did* receive Plaintiff's motion for sanctions, albeit via electronic mail instead of U.S. Mail. And, it is uncontroverted that Plaintiff timely responded to that motion. *See* ECF No. 15. The primary issue over service raised by Plaintiff in his opposition to Defendants' motion for sanctions was that the "safe harbor" copy of the motion received by Plaintiff differed, primarily in pagination, from the actual motion for sanctions which Defendants eventually filed with the Court. *See* ECF No. 17, PageID.296 ("Even a cursory review will reveal that there are substantive differences between the copy of the Proposed Motion served upon the Plaintiff and the actual Motion that was filed with the Court.") *Compare* ECF No. 14 to ECF No. 17, PageID.316-344. This issue would have not have changed whether the "safe harbor" copy of the Defendants' motion for sanctions was sent via U.S. Mail, electronic mail, or Pony Express.

Defendants allege that "on May 22, 2025, Defendants sent their First Requests for Written Discovery to Plaintiff's P.O. box via USPS First Class Mail." [ECF No. 33, PageID.473]. Defendants attach a purported "receipt showing written discovery requests sent to Plaintiff by USPS First Class Mail." [ECF No. 33-6, PageID.497].

This "receipt," like the "label detail," *supra*, contains no identifying information, nor is there any affidavit or declaration authenticating same.

However, Plaintiff brings to the Court's attention a package "receipt" which was apparently e-mail by Defendants to Plaintiff on May 22, 2025, showing that, "**Your package from Mark W. Dobronski is on its way**" via FedEx to Defendant's counsel, John Drosick on May 22, 2025.  *See* Exhibit B, attached hereto.  Plaintiff sent no document to Defendants' counsel on May 22, 2025.  From this document, it appears that someone within Defendants' attorneys' offices made a clerical error and transposed sender and recipient.  And, clearly, FedEx is not USPS.

Similarly, Defendants states that "Defendants also sent a proposed protective order to Plaintiff via USPS Priority Mail on May 29, 2025." [ECF No. 33, PageID.473], and support said statement with a "receipt". [ECF No. 33-7, PageID.499].  What Defendants *fail* to state is that on May 29, 2025, Defendants' counsel initially informed Plaintiff via email that "[a]ccording to FedEx, [the proposed protective order] was delivered to your PO Box in Dexter, MI on February, May 23rd."[1]  Plaintiff responded via email by informing Defendants' counsel that "Fed Ex does not deliver to Post Office Boxes." Defendants apparently *then* sent the

---

[1] Defendants' counsel's statement that "according to FedEx" is also in contradiction of Defendants' earlier representation that the package on May 22, 2025 was sent via US First Class Mail.

proposed protective order via USPS. *See* email thread, attached at Exhibit C.

Plaintiff is a frequent traveler, having residences in Florida and Michigan. Plaintiff has found that a Post Office Box is a secure and efficient way to receive his mail and court filings.[2]  Over the past decade, Plaintiff has litigated dozens of cases in this District, has always had a Post Office Box as his official mailing address, and not once has Plaintiff ever failed to timely respond to any order issued by the court or motion or other paper filed by an opposing party.  Plaintiff has procedures in place to retrieve and monitor his mail received while Plaintiff may be traveling out-of-state. Plaintiff should not have to revise his well-established procedures because Defendants' counsel has made clerical blunders in serving papers upon Plaintiff.

It is common knowledge that Federal Express does not deliver to Post Office Boxes.  Yet, despite this common knowledge, Defendants have attempted to send papers to Plaintiff's Post Office Box via Federal Express.  Plaintiff clearly informed Defendants' counsel that there are other alternatives available to Defendants which Defendants apparently refuse to consider:

> "I divide my time between residences in Florida and Michigan.  My Michigan residence is located in a rural area, with a mailbox located on the street.  A Post Office Box is the safest and most secure method for me to receive mail, as I am often away from my Michigan residence for

---

[2] Rural street side mail boxes are often targets of mail thieves.  Packages sitting on front porches are targets of "porch pirates."

weeks at a time. While Federal Express and United Parcel Service might not deliver to a PO Box, I can assure you that there is no reason why USPS Certified Mail cannot be used when sending mail to a PO Box; I receive Certified Mail at my PO Box on a regular basis. Alternatively, you can use USPS Priority Mail or USPS Priority Mail Express."

[ECF No. 33-3, PageID.486-487].

## LEGAL STANDARD

Fed. R. Civ. P. 5(b)(2) promulgates:

"Service in General. A paper is served under this rule by:
- (A)  handing it to the person;
- (B)  leaving it:
  - (i)  at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
  - (ii)  if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
- (C)  mailing it to the person's last known address—in which event service is complete upon mailing;
- (D)  leaving it with the court clerk if the person has no known address;
- (E)  sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person

> to be served; or
>
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery."

Fed. R. Civ. P. 5(d)(3)(B) promulgates:

> "Electronic Filing and Signing.
>
> (B) By an Unrepresented Person —When Allowed or Required. A person not represented by an attorney:
>
>> (i) may file electronically only if allowed by court order or by local rule; and
>>
>> (ii) may be required to file electronically only by court order, or by a local rule that includes reasonable exceptions."

E.D. Mich. LR 5.1.1, Appendix ECF, Rule 9(e) promulgates:

> "A party who is *pro se* and not a filing user, or a party excused from electronic filing under Fed. R. Civ. P. 5(d)(3)(A), is entitled to a hard copy of any paper filed electronically. Service of such copy must be made according to the federal rules of procedure (civil and criminal) and local rules. Unless otherwise ordered by the Court, an attorney who is not a filing user is not entitled to this traditional service. "

**ARGUMENT**

Defendants have not demonstrated that *Plaintiff* has any culpability for failing to receive any papers which Defendants were required to serve upon Plaintiff but for what would appear to be clerical blunders made by Defendants.

Requiring Plaintiff to <u>file</u> via ECF solves nothing.  Plaintiff presently files via the Court's *Pro Se* Document Upload portal which sends notice of all such filings to Defendants via the CM/ECF system.  However, discovery papers are not filed with the court.  *See* Fed. R. Civ. P. 5(d)(1)(A).

If Defendants want documentary evidence of sending any papers to Plaintiff, Defendants are certainly free to utilize USPS Certified Mail.  If Defendants want the prestige of being able to overnight papers to Plaintiff, they are free to utilize USPS Priority Express Mail.  There is no requirement under the rules that Plaintiff must maintain a physical address where Federal Express or United Parcel Service may make deliveries.

**CONCLUSION**

**WHEREFORE**, the premises considered, Plaintiff respectfully requests that this Honorable Court enter its order that Defendants' Motion to Resolve Service Issues be granted in part, and denied in part: by entering its Order that any papers which Defendants must, by rule, serve upon Plaintiff must be served in accordance

10

with Fed. R. Civ. P. 5(b)(2)(c) via USPS Certified Mail or USPS Priority Express

Mail addressed to Plaintiff at: Post Office Box 99, Dexter, Michigan 48130-0099.

Respectfully submitted,

Dated: July 2, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
Tel: (734) 641-2300
Email: markdobronski@yahoo.com
Plaintiff In Propria Persona

## CERTIFICATE OF SERVICE

I hereby certify that on **July 2, 2025**, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendants' Motion to Resolve Service Issues* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

# EXHIBIT A

Dobronski v. WinRed (E.D. Mich)

From:  Man, Christopher (cman@winston.com)

To:  MarkDobronski@yahoo.com

Cc:  JDrosick@winston.com

Date:  Thursday, October 17, 2024 at 02:37 PM EDT

Mr. Dobronski, please see the attached cover letter providing you notice of the Rule 11 sanctions motion that Defendants intend to file in 21 days and requesting that we have a conference to address that motion and a separate motion to dismiss that Defendants intend to file.  A copy of the sanctions motion is attached, along with its supporting brief and exhibits.

**Christopher Man**
**Partner**
Winston & Strawn LLP
1901 L Street, N.W.
Washington, D.C. 20036-3506
D: +1 202-282-5622
F: +1 202-282-5100
VCard | Email | winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

  Dobronski -- Sanctions Cover Letter.pdf
532.3 KB

  Dobronski -- Sanctions Motion.pdf
112.2 KB

  Dobronski -- Sanctions Motion Brief.pdf
281 KB

  Exhibits Binder - Dobronski MTS.pdf
1.1 MB

# EXHIBIT B

A shipment from Mark W. Dobronski is on its way

From:  no-reply@pb.com
To:  markdobronski@yahoo.com
Date:  Wednesday, May 21, 2025 at 02:48 PM EDT

View tracking details                                                                        view as webpage



# Your package is on its way



**Your package from Mark W. Dobronski is on its way.**

To track your package, view the shipment details below. It may take 12-24 hours before tracking information is available.

## Shipment details

| | |
|---|---|
| Tracking number: | 288913375277 |
| Estimated Delivery: | May 22, 2025 |
| Carrier: | FEDEX |
| Memo: | 018473.00017 |
| Service: | FedEx Priority Overnight® |
| Delivery address | JOHN DROSICK<br>WINSTON & STRAWN, LLP<br>35 W WACKER DR<br>CHICAGO, IL 60601-1723<br>US |
| Signature Required | No |

Learn more  about sending solutions available from Pitney Bowes

     pitneybowes.com/us   Contact us



This email was sent from a notification-only address that cannot accept incoming email. Please do not reply to this message.

This message was distributed by Pitney Bowes Inc., World Headquarters, 3001 Summer Street, Stamford, CT 06926-0700. Pitney Bowes, the Corporate logo, and SendPro are trademarks of Pitney Bowes Inc. or a subsidiary. All other trademarks are the property of their respective owners.

Your email address was provided by you to Pitney Bowes, and use of your email address is governed by the Pitney Bowes Privacy Policy.

© 2025 Pitney Bowes Inc. All rights reserved.

# EXHIBIT C

RE: Dobronski v. WinRed, 2:24-cv-12513, Stipulated Protective Order and Defendants' Discovery Requests

From: Hartman, Sydney (shartman@winston.com)

To: markdobronski@yahoo.com

Cc: CMan@winston.com; JDrosick@winston.com

Date: Thursday, May 29, 2025 at 04:35 PM EDT

Mr. Dobronski,

Thank you for your response.  We have mailed a new protective order for your signature and a pre-paid return envelope to your PO Box using USPS Priority.  For your knowledge, the tracking number for that package is 9405509105156137927621.

Can you confirm that you have received our written discovery requests that were mailed via USPS last Wednesday. May 21st?

Best,
Sydney

**Sydney Hartman**
**Associate Attorney**
Winston & Strawn LLP
T: +1 202-282-5000
D: +1 202-282-5073
<u>winston.com</u>
*Pronouns: She, Her, Hers*



> **From:** Mark Dobronski <markdobronski@yahoo.com>
> **Sent:** Thursday, May 29, 2025 12:35 PM
> **To:** Hartman, Sydney <SHartman@winston.com>
> **Subject:** Re: Dobronski v. WinRed, 2:24-cv-12513, Stipulated Protective Order and Defendants' Discovery Requests
>
> FedEx does not deliver to Post Office boxes.
>
> On Thursday, May 29, 2025 at 12:30:54 PM EDT, Hartman, Sydney <shartman@winston.com> wrote:
>
> Mr. Dobronski,
>
> Can you please confirm whether you received WinRed's proposed protective order in the mail for your signature?  According to FedEx, it was delivered to your PO Box in Dexter, MI on Friday, May 23rd.   If so, kindly please sign and send it back to John in the included pre-paid FedEx envelope as soon as possible.
>
> Thank you,
>
> Sydney
>
> **Sydney Hartman**
> **Associate Attorney**
> Winston & Strawn LLP
> T: +1 202-282-5000
> D: +1 202-282-5073
> <u>winston.com</u>