# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, | Case No. 2:24-cv-12513 |
| Plaintiff, | Honorable Stephen J. Murphy III<br>United States District Judge |
| v. | |
| **WINRED, INC.**, *et al.* | Honorable Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants. | |

_____

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS

Plaintiff Mark W. Dobronski, appearing *in propria persona*, hereby responds in opposition to Winred's Motion to Compel Plaintiff to Produce Documents [ECF No. 40].

For the reasons set forth in the appurtenant brief, Plaintiff respectfully requests that this Court enter its order that Winred's Motion to Compel Plaintiff to Produce Documents be denied.

Date: October 10, 2025

Respectfully submitted,

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff In Propria Persona

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, | Case No. 2:24-cv-12513 |
| Plaintiff, | Honorable Stephen J. Murphy III<br>United States District Judge |
| v. | |
| **WINRED, INC.**, *et al.* | Honorable Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants. | |

_____

# PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS

## CONCISE STATEMENT OF ISSUES PRESENTED

Should the Court compel Plaintiff to produce documents pursuant to Defendants' Requests for Production where: (a) Defendants identified deficiencies in Plaintiff's production six weeks prior to the close of fact discovery; (b) Plaintiff failed to address the identified deficiencies in the agreed upon time frame; and, (c) the documents are highly relevant to the claims at issue?

    Defendants say:    Yes.

    Plaintiff says:    No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170 (S.D. Ohio 2012)

*Scales v. J.C. Bradford & Co., 925 F.2d 901* (6th Cir. 1991)

*Surles v. Greyhound Lines, Inc.*, 474 F.3d 288 (6th Cir. 2007)


Fed. R. Civ. P. 26

## INTRODUCTION

Defendants Winred Technical Services, LLC and Winred, Inc. (collectively "Defendants") sought extensive discovery from Plaintiff. Defendants served requests seeking 16 categories of documents from Plaintiff. *See* Defendants' First Request for the Production of Documents to Plaintiff Mark W. Dobronski. [ECF No. 40-2]. Of these 16 categories, Defendants claim that Plaintiff's responses to 6 of the categories are insufficient. [ECF No. 40, PageID.565]. On September 25, 2025, Plaintiff served Supplemental Responses to Defendants. *See* EXHIBIT A, attached hereto. It appears that Defendants' motion and Plaintiff's supplemental responses crossed paths in the United States Mail. Plaintiff has reasonably produced documents responsive to the requests where the documents exist. Plaintiff cannot produce what Plaintiff does not have. Nor is Plaintiff required to create documents that do not presently exist. A party need only produce existing documents, and not create documents, in response to a Rule 34 document request. *Harris v. Advance Am. Cash Advance Centers, Inc.*, 288 F.R.D. 170, 173 (S.D. Ohio 2012). Defendants are unaccepting of this quintessential fact.

## LEGAL STANDARD

The scope of discovery available to parties in a civil action is outlined in Federal Rule of Civil Procedure 26. As a general matter, parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). But district courts have discretion to limit the scope of discovery when the information sought is overbroad or unduly burdensome. Fed. R. Civ. P. 26(b)(2); *see also Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) ("Th[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."). The district court may limit the scope of discovery "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). "Although a plaintiff should not be denied access to information necessary to establish his or her claim, neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted & citations omitted).

## DISCUSSION

Defendants argue that Plaintiff's discovery responses are deficient in regards

6

to 5 of the categories which Defendants made document production requests.

**Donations:** Defendant seen "all documents reflect any donations made by 'Plaintiff' to a political campaign in [Plaintiff's] lifetime. *See* ECF No. 40-2, PageID.580, RFP 1. Plaintiff – who is 68 years old – has searched his records and has been unable to locate any document responsive thereto. It has been more than 5 years since Plaintiff made any contribution to any political candidate. At best, Plaintiff *may* have some check registers pre-dating 2021 which are archived in one or more PODS storage containers (of which there are three) located at a storage yard in Orlando, Florida which *may* include checks made payable to one or more political campaign committees. Plaintiff has explained to Defendants that the cost just to retrieve one storage container is several thousand dollars. In short, the cost to retrieve the containers on the *off chance* that Plaintiff has some old check registers stored amongst several rooms worth of stored household items is prohibitive. Plaintiff has pointed Defendants to the records of the Federal Election Commission and the Elections Divisions of the States of Michigan and Arizona (where Plaintiff has resided and contributed to political candidates), but Defendants are unaccepting of that alternative. Simply put, Plaintiff cannot produce what he does not have.

**Telephone Records:** Call records related to the SMS text messages. *See* ECF No. 40-2, PageID.580, RFP 4. Documentation of owing the telephoen number. *See*

7

ECF No. 40-2, RFP 6. In the supplemental response, Plaintiff has produced over 97 pages of telephone billing records from Plaintiff's cellular telephone provider. Previously, Plaintiff had provided screen shots of the actual SMS text messages.

**Email to WinRed:** Plaintiff's email to donations@winred.com. *See* ECF No. 40-2, PageID.580, RFP 2. Plaintiff has diligently searched and has located nothing beyond communications between Plaintiff and Winred's attorneys. Plaintiff has limited email storage capacity and, therefore, must periodically perform bulk purges older, non-essential emails. Obviously, any communication between Plaintiff and Winred would, equally, be in the possession of Winred. Plaintiff cannot produce what it no longer has or may have never had.

**Tutorial:** The "tutorial" on Winred's website referenced in Plaintiff's deposition. *See* ECF 40-2, PageID.581, RFP 12. While Plaintiff has visited Winred's website and viewed several "tutorials" appearing thereupon, Plaintiff did not create a copy of said "tutorials" beyond viewing them from his computer. Plaintiff is under no obligation to create documents in response to a discovery request. As far as Winred's website, Winred has full possession and control of its website and is able to view its own "tutorials."

**Diligence Documents:** The webpages referenced in Plaintiff's deposition, and the Attorney General complaints referenced in Plaintiff's deposition. *See* ECF No.

8

40-2, PageID.582, RFP 15.  This is information which Plaintiff learned from research on the Internet.  Plaintiff did not print out the information which he viewed on the Internet, nor does Plaintiff recall the *specific* websites that he visited.  Plaintiff is under no obligation to create documents.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter its order that Winred's Motion to Compel Plaintiff to Produce Documents be denied.

Respectfully submitted,

Date: October 10, 2025

_____
Mark W. Dobronski
Post Office Box 99
Dexter, Michigan 48130-0099
(734) 641-2300
markdobronski@yahoo.com
Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

I hereby certify that on **October 10, 2025**, I electronically filed the foregoing *Plaintiff's Response in Opposition to Defendants' Motion to Compel Plaintiff to Produce Documents* with the Clerk of the Court via the Court's Pro Se Document Upload utility, which will send notification of such filing to all counsel of record via the CM/ECF system.

_____
Mark W. Dobronski

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK W. DOBRONSKI**, | Case No.  **2:24-cv-12513** |
| Plaintiff, | Honorable Stephen J. Murphy, III<br>United States District Judge |
| v. | |
| **WINRED, INC.**, *et al.*, | Honorable Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants. | |

_____

### PLAINTIFF MARK W. DOBRONSKI'S SUPPLEMENTAL RESPONSES TO DEFENDANTS WINRED, INC. AND WINRED TECHNICAL SERVICES, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MARK W. DOBRONSKI

*Pro se* Plaintiff Mark W. Dobronski hereby responds to Defendants Winred, Inc. And Winred Technical Services, LLC's First Request for Production of Documents to Plaintiff Mark W. Dobronski.

### DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:** All Documents reflecting any donations made by you or on your behalf to a political campaign in your lifetime, either through the WRTS platform, another donation platform, or directly to a political candidate or campaign.

RESPONSE: Plaintiff objects to this Request as being unreasonable in terms of time period.  Plaintiff is 67 years old.  Plaintiff has not saved every document of every donation by Plaintiff to a political

1

campaign in his lifetime. Plaintiff routinely disposes of archived financial records, necessary for filing income tax returns, after approximately 7 years. A donation to a political candidate/committee is not tax deductible, so Plaintiff would not have a basis for saving same. Plaintiff *may* have some check registers which *may* contain entries for checks issued to political candidates/committees. Many of Plaintiff's currently-archived records are stored in three (3) PODS storage containers presently located at a storage center near Orlando, Florida. In order for Plaintiff to locate and retrieve documents responsive to this request will require that the stored PODS containers be retrieved from the storage center at Orlando, Florida, hauled to Michigan, and delivered to Plaintiff's Michigan residence, at a cost of approximately $3,135.00 *per container*, plus costs of approximately $1,200.00 *per container* for a commercial service provider to unload each of the containers. Once the documents have been retrieved, a similar cost will be incurred to reload each of the containers and return them to the storage center at Orlando, Florida. Upon Plaintiff receiving pre-payment of a deposit from WinRed in the amount of $26,000.00, Plaintiff will arrange for the containers to be hauled from Florida to Michigan. Transit time for the containers is estimated at 7-10 days.

SUPPLEMENTAL
RESPONSE:      Plaintiff has reviewed check registers and bank statements that are in his direct possession, all of which are dated 2022 and after. Since 2022, Plaintiff has made no contributions to any political campaigns. Records prior to 2022 were archived and are stored in one of three storage containers presently located at a storage center near Orlando, Florida. The storage containers are awaiting completion of remodeling activity at Plaintiff's Florida residence, which remodeling is presently expected to be completed in 2026. Plaintiff further objects to this request as being unduly burdensome and not proportional to the needs of this case. To access the containers, Plaintiff must have the containers moved to a location where the containers can be unloaded, to wit: Plaintiff's residence, and have a commercial service provider unload the containers. Plaintiff's financial contributions to political

2

campaigns can be ascertained from the records of the Federal Election Commission and the State of Michigan Secretary of State, and the State of Arizona Secretary of State.

**REQUEST FOR PRODUCTION NO. 4:** All Documents of your telephone carrier call records related to the text messages and calls alleged in your Complaint.

RESPONSE: Plaintiff objects to this interrogatory as the subject telephone carrier call records also contain confidential and/or proprietary information, including sensitive personal information and attorney-client confidential communications. Without waiving said objection, Plaintiff is willing to produce requested records, with attorney-client confidential information redacted, only after a mutual protective order has been entered by the Court maintaining the confidentiality of said information.

SUPPLEMENTAL
RESPONSE: Plaintiff is supplying call detail records for SMS text messages to/from Plaintiff's cellular telephone number ending in -9671. *See* DOBWIN003. These records are deemed CONFIDENTIAL.

**REQUEST FOR PRODUCTION NO. 6:** All Documents supporting your contention that Mark W. Dobronski owns the phone numbers that allegedly received the relevant text messages and phone calls in this matter.

RESPONSE: Plaintiff objects to this Request as it assumes facts which are not in evidence. Nowhere in the Complaint is it alleged that Plaintiff "owns the phone numbers that allegedly received the relevant text messages and phones calls in this matter." In fact, only one telephone number is alleged in the Complaint, that being Plaintiff's cellular phone number ending in -9671. The Complaint alleges that Plaintiff is the subscriber to and a customary use of the called telephone line, and is the one that was the actual recipient of the SMS text messages at issue in the complaint. *See* ECF No. 1. PageID. 8, ¶ 33.

SUPPLEMENTAL
RESPONSE: *See* Supplemental Response to Request for Production No. 4.

3

**REQUEST FOR PRODUCTION NO. 12:** All Documents and Communications that support, refute, or relate to any of your allegations in the Complaint.

RESPONSE: Plaintiff objects to this request as premature. Plaintiff has not fully completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Plaintiff reserves the right to supplement these responses at trial. Plaintiff further objects because the request seeks information in the possession of, known to, or otherwise equally available to the Defendants. Plaintiff further objects to this request because it requests information that will not be known until after additional discovery is completed.

SUPPLEMENTAL
RESPONSE: *See* Supplemental Response to Request for Production No. 4.

**REQUEST FOR PRODUCTION NO. 13:** All Documents supporting or in any way relating to your claim for damages in this case due to conduct by WinRed.

RESPONSE: Plaintiff objects to this request as premature. Plaintiff has not fully completed discovery and has not completed trial preparation. Further discovery, legal research, and analysis may supply additional information. Plaintiff reserves the right to supplement these responses at trial. Without waiving said objection, the documents supplied by Plaintiff, to date, in response to other discovery requests, as well as the Complaint, all provide support for Plaintiff's claim for damages.

SUPPLEMENTAL
RESPONSE: *See* Supplemental Response to Request for Production No. 4.

                                            Respectfully submitted.

Date: September 25, 2025                        _____
                                            Mark W. Dobronski
                                            Post Office Box 99
                                            Dexter, Michigan 48130-0099
                                            (734) 641-2300
                                            markdobronski@yahoo.com
                                            Plaintiff *In Propria Persona*

## CERTIFICATE OF SERVICE

      I, Mark W. Dobronski, certify that on **September 25, 2025**, I caused a copy of the foregoing *Plaintiff Mark W. Dobronski's Supplemental Responses to Defendants Winred, Inc. And Winred Technical Services, LLC's First Set of Interrogatories to Plaintiff Mark W. Dobronski* to be served by sending same in a sealed envelope, via first class mail, with postage fully prepaid thereupon, and deposited in the United States Mail addressed as follows:

        John Drosick, Esq.
        Winston & Strawn LLP
        35 Wacker Drive
        Chicago, Illinois  60601-1695

                                            _____
                                            Mark W. Dobronski